[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff union appeals the declaratory ruling of the defendant state board of labor relations holding that the registrar of voters of the defendant city of Stamford was entitled to terminate the employment of the deputy registrar of voters without cause, notwithstanding the provisions of a collective bargaining agreement between the city and the union. The union appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendants.
The facts essential to the court's decision are not in dispute. Following the November 1992 elections in Stamford, the elected registrar of voters, Barbara McInerney notified the deputy registrar, Anne Hutchason, that her employment was terminated. No cause for the termination was cited. McInerney thereupon appointed a new deputy registrar. The union filed a grievance on behalf of Hutchason. The state board of mediation and arbitration determined that the issue was not arbitrable.
The union then petitioned the defendant board for a declaratory ruling that the collective bargaining agreement covering the city's employees prohibited Hutchason's termination without cause. The board declined to issue the requested ruling and, instead, issued a ruling that the provisions of General Statutes § 9-192
prevail over any conflicting provisions in the collective bargaining agreement. The board held that § 9-192 permits a registrar of voters to discharge his or her deputy without cause and to appoint a replacement.
In support of its appeal, the union contends that the board misinterpreted the applicable statute and that there is no conflict between the statute and the collective bargaining agreement. It is undisputed that CT Page 9694 the agreement prohibits termination of employment of covered employees without "just cause" and that the deputy registrar was a covered employee.
General Statutes § 9-192 provides, in relevant part, as follows:
 Each registrar of voters immediately after his[1]
election shall appoint a deputy registrar of voters to hold office during his pleasure and may, at any time, fill any vacancy in said office.
The plaintiff union argues that this statute merely establishes the registrar's authority to appoint a deputy. The statute is silent, the union claims, on the subject of termination. Therefore, it argues, the collective bargaining agreement controls the subject of termination. This argument may not be sustained.
The phrase "during his pleasure" means that the position of deputy registrar has no permanency as of right. Silverberg v. Great Southwest Fire Insurance Co.214 Conn. 632, 638 (1990). The registrar was entitled, therefore, to terminate the employment of her deputy at any time, with or without cause. The statutory provision plainly conflicts with the provision in the collective bargaining agreement requiring a showing of "just cause" to justify termination.
In General Statutes § 7-474 (f), the legislature specified two types of provisions in collective bargaining agreements that prevail over conflicting provisions in the general statutes. They do not include provisions relating to termination of employment for cause. The court concludes that the legislature did not intend to permit parties to a collective bargaining agreement to abrogate the statutory powers of a registrar of voters, particularly the power to discharge and appoint his or her deputy. The defendant board correctly ruled that the agreement in this case did not prohibit Hutchason's termination.
The appeal is dismissed. CT Page 9695
MALONEY, J.